OPINION
{¶ 1} This appeal arises from the Geauga County Court of Common Pleas, wherein appellant, Kyle A. Smith, Jr., pled guilty to two counts of rape, felonies in the first degree and was subsequently adjudicated a sexual predator.
 {¶ 2} The following facts are relevant to this appeal.
 {¶ 3} In June 1999, the victims, two sisters and Smith's third cousins, moved into Smith's home in Middlefield, Ohio, where he lived with his mother and his half-brother. The first victim was eleven years of age and the second was ten years of age when they arrived at Smith's home. Both girls stated that Smith began having sex with them approximately one month after they had moved into the home. Smith admitted to having oral, vaginal, and anal sex with the eleven-year-old approximately forty times over a six-month period. Smith also admitted to having oral and vaginal sex with the ten-year-old approximately sixty to seventy times over a two-year period.
 {¶ 4} The younger victim subsequently became pregnant. She was twelve years of age and Smith was twenty years of age at the time of conception. Smith claims that he "fell in love" with her and that she was in love with him.
 {¶ 5} In May 2002, both girls and Smith's half-brother were taken into temporary emergency custody by the Geauga County Department of Job and Family Services. On July 10, 2002, a bill of information was filed with the Geauga County Court of Common Pleas, alleging that Smith had committed two separate counts of rape, felonies of the first degree. Smith entered pleas of guilty to both counts at his arraignment. The trial court accepted the guilty pleas and referred the matter for a presentence investigation.
 {¶ 6} A sexual predator hearing was conducted on November 4, 2002. At the conclusion of that hearing, the trial court adjudicated Smith a sexual predator. The matter proceeded to sentencing, and Smith was ordered to serve seven years imprisonment on each count, to be served concurrently.
 {¶ 7} Smith now appeals the sexual predator adjudication only. He presents three assignments of error. The first assignment of error is:
 {¶ 8} "The appellant's classification as a `sexual predator' is against the manifest weight of the evidence."
 {¶ 9} Smith contends that the trial court erred in classifying him a sexual predator when the evidence presented did not prove by clear and convincing evidence that he was likely to commit a sexual offense in the future.
 {¶ 10} Pursuant to R.C. 2950.01(E), a sexual predator is a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense * * * and is likely to engage in the future in one or more sexually oriented offenses." Thus, before labeling an individual as a sexual predator, the trial court must first conclude that the offender was convicted of or pled guilty to a sexually oriented offense. Secondly, the trial court must determine whether the offender is likely to engage in another sexually oriented offense in the future.
 {¶ 11} R.C. 2950.09(B)(3) lists factors that shall be considered by the trial court in making its determination:
 {¶ 12} "(a) The offender's or delinquent child's age;
 {¶ 13} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 14} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 15} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 16} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 17} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 18} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 19} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 20} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 21} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 22} Pursuant to R.C. 2950.09(B)(3), the trial court must use a clear and convincing standard in determining whether an offender should be classified a sexual predator. Clear and convincing evidence is more than a mere preponderance of the evidence but does not rise to the level of beyond a reasonable doubt.[1]
 {¶ 23} The same standard applies in determining whether a sexual predator adjudication is against the manifest weight of the evidence as in reviewing a criminal conviction.[2]
Therefore, an appellate court must "review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the [adjudication] must be reversed."[3]
 {¶ 24} Smith contends that, at the sexual predator classification hearing in the instant case, evidence was presented to establish that he was "less likely" to reoffend. Specifically, he directs the court's attention to the written report and subsequent testimony of Dr. John Fabian, who had performed a psychological evaluation of Smith pursuant to the presentence investigation. Smith asserts that throughout his report and during his testimony at the classification hearing, Dr. Fabian expressed his opinion that Smith presented only a low to moderate risk of reoffending.
 {¶ 25} Although Smith directs the court's attention to evidence which may demonstrate that he is less likely to reoffend, the trial court properly concluded, based on factors enumerated in R.C. 2950.09(B)(3), that Smith is likely to commit another sexual offense in the future. We agree.
 {¶ 26} This court has held that "trial courts should not be forced to accept the conclusions of psychologists or psychiatrists as to whether an individual is a sexual predator."[4] Moreover, the trial court did not completely disregard Dr. Fabian's report. In its determination, the court cited several conclusions from Dr. Fabian's evaluation. Specifically, the court found that Smith was diagnosed as a pedophile, that he was obsessed with a twelve-year-old child, and that Smith would most likely desire to continue the sexual relationship with the child. These conclusions, along with other relevant statutory facts, led to the court's ultimate determination that Smith should be classified a sexual predator.
 {¶ 27} Other statutory factors discussed by the court included: the age of the victims; the fact that there were multiple victims; they were family members; and the nature and number of times the sexual offenses occurred.
 {¶ 28} Based on the foregoing analysis, we find that the trial court's adjudication of Smith as a sexual predator was supported by clear and convincing evidence. Smith's first assignment of error is without merit.
 {¶ 29} The second assignment of error is:
 {¶ 30} "The trial court erred by failing to comply with R.C.2950.09(B)(3)."
 {¶ 31} In his second assignment of error, Smith contends that the trial court erred in failing to comply with R.C.2950.09(B)(3) as the judgment of conviction did not contain the finding that Smith was found to be a sexual predator by clear and convincing evidence. We initially note that Smith refers to R.C.2950.09(B)(3) in assigning error to the trial court; however, the relevant statutory provision is R.C. 2950.09(B)(4).
 {¶ 32} This court has consistently held that, "[w]hile a trial court has no specific obligation to delineate the underlying reasons why it found certain factors were applicable, it is required to reference the relevant factors either in its judgment entry or on the record during the `sexual predator' hearing."[5]
 {¶ 33} The trial court issued a judgment entry following the sexual predator hearing where it concluded that Smith had been adjudicated a sexual predator pursuant to R.C. 2950.09(B). The court then issued a judgment of conviction which does not state that Smith was classified as a sexual predator. However, the transcript of the sexual predator hearing is replete with the trial court's findings regarding the sexual predator classification. In fact, the court carefully reviewed and applied the relevant statutory factors. As noted above, the court concluded the factors of multiple victims, the familial relationship with the victims, Smith's obsession with one victim, and the character and extent of the abuse, all justified the sexual predator classification.
 {¶ 34} Although the trial court conducted an extensive review of the statutory factors at the adjudication hearing and issued a separate judgment entry at the conclusion of the sexual predator hearing which enumerated its statutory findings, we conclude that it failed to comply with the requirements enumerated in R.C.2950.09(B)(4) by failing to include its findings in the judgment of conviction. Thus, we remand the matter to the trial court on this issue to include its findings in the judgment of conviction. Smith's second assignment of error is with merit.
 {¶ 35} The third assignment of error is:
 {¶ 36} "HB. 180 is void for vagueness as applied to appellant since it compels a court to make a preponderance determination based upon clear and convincing evidence."
 {¶ 37} In his third assignment of error, Smith contends that R.C. 2950 is unconstitutionally vague as it is applied to appellant. Specifically, Smith contends that the statute, when applied, is flawed in that it does not provide "reasonable standards for its enforcement" and cannot be properly applied to determine whether Smith is a sexual predator.
 {¶ 38} "`Statutes in Ohio are presumed to be constitutional. * * * This presumption of constitutionality remains unless it is proven beyond a reasonable doubt that the legislation is clearly unconstitutional.'"[6] The Supreme of Ohio has confronted this issue, and concluded that R.C. 2950 is not unconstitutionally vague.[7] In Williams, the court concluded that there was nothing "impermissibly vague" about the clear and convincing standard set forth in the statute for determining whether an offender is a sexual predator.[8]
Moreover, the court held that the statute provided adequate guidelines which permit a court to determine whether an offender can be adjudicated a sexual predator under the statute.[9]
 {¶ 39} Thus, based on the Supreme Court's holding inWilliams, R.C. 2950 is not unconstitutionally vague. Smith's third assignment of error is without merit.
 {¶ 40} Based on the foregoing, we affirm the judgment of the trial court regarding the first and third assignments of error. However, as we have concluded that the trial court did not comply with R.C. 2950.09(B)(4) in issuing the judgment of conviction, we remand the matter to the trial court for the sole issue of making its findings in the judgment of conviction. Therefore, the judgment of the trial court is affirmed in part and reversed in part, and the matter is remanded for the foregoing purpose.
Christley, J., and Grendell, J., concur.
[1] State v. Moore (July 21, 2000), 2d Dist. No. 18017, 2000 WL 1006570, at *2, citing Cross v. Ledford (1954),161 Ohio St. 469, 477.
[2] State v. Linden (Feb. 2, 2000), 9th Dist. No. 2984-M, 2000 WL 141054, at *1.
[3] (Citations omitted.) Id. at *2.
[4] State v. Pasko (Dec. 7, 2001), 11th Dist. No. 2000-L-067, 2001 WL 1560935, at *4.
[5] (Citation omitted.) State v. Strickland (Dec. 22, 2000), 11th Dist. No. 98-L-013, 2000 Ohio App. LEXIS 6089, at *5.
[6] (Citation omitted.) State v. Jones, 11th Dist. No. 2002-T-0084, 2003-Ohio-2920, at ¶ 18.
[7] State v. Williams (2000), 88 Ohio St.3d 513.
[8] Id. at 533.
[9] Id. at 533-534.