JOURNAL ENTRY AND OPINION
{¶ 1} Robert Othberg appeals from an order of Judge John Sutula sentencing him to maximum, consecutive sentences on three counts of gross sexual imposition and adjudicating him a sexual predator. He claims that his sentence violates the United States and Ohio Constitutions, that the judge failed to make the required findings for the sentences, that he failed to make the required findings for a sexual predator determination, and that the evidence is insufficient to prove that he is likely to commit such sexual offenses in the future. We reverse and remand for resentencing and for a predator rehearing.
 {¶ 2} From the record we glean the following: In November 2002, then thirty-two-year-old Othberg was indicted on sixteen counts of gross sexual imposition for offenses committed against three minor girls. He pleaded guilty to three counts with all remaining charges dismissed, and was advised that he would be subject to a sexual predator hearing at the time of his sentencing.
 {¶ 3} In preparation for the predator hearing, a House Bill 180 packet was ordered and Othberg underwent a sexual predator evaluation at the Court Psychiatric Clinic with Dr. Michael H. Arnoff, Psy.D., Chief of Psychology, who utilized, among others: a clinical interview, the Static-99 test, the Abel Assessment for Sexual Interest test, Othberg's jail records, the Pre-Sentence Investigation Report from June of 2003, the Pre-Sentence Report from August of 1988, Othberg's Drug Dependency report dated August of 1988, the Mental Health Screening from August of 2002, and various collateral information.
 {¶ 4} At the hearing, the State presented evidence of Othberg's 1988 sexually oriented offense. At age eighteen he broke into a couple's home while they were sleeping and, armed with a knife, repeatedly fondled the woman. He then ordered her and her husband into their bathroom, forced the woman to remove her clothing, again fondled her, and indicated that he was going to rape her. When the husband was able to distract him, the woman fled the house and called for help. Othberg was indicted on two counts of aggravated burglary,[1] one count of felonious assault[2] with a violence specification, and one count of gross sexual imposition.[3] He pleaded guilty, served twelve years of his sentence and was released with the requirement that he register as a sexually oriented offender.
 {¶ 5} In November 2001, Othberg left the halfway house where he was living[4] and moved in with his then girlfriend. Shortly after his arrival, her two daughters, A, age thirteen years, and N, age seventeen, moved in with the couple, and soon Othberg began making sexual overtures toward both girls and their sixteen-year-old cousin, M.
 {¶ 6} In a police statement, A claimed that, on several occasions, Othberg came into her bedroom and, through her clothing, grabbed and shook her breasts to awaken her for school. She spoke of several incidents where he either smacked her buttocks or hugged her, or would take her hand, place it on his pants, and rub it over his penis. She also stated that when she was home alone watching television, he forced the back of her head to touch his pants over his penis and rubbed his pelvic area against it.
 {¶ 7} N gave a similar statement to police and claimed that Othberg often smacked her on the buttocks, and once, while both were on the sofa, he pulled her feet onto his lap and rubbed them against his penis as he gyrated against them. The State also claimed that Othberg grabbed M's buttocks and, through her clothing, grabbed her breasts with his hands.[5] Out of fear, the girls claimed they did not report the incidents to anyone but, when they learned Othberg was getting out of jail, both A and N told their mother.
 {¶ 8} Othberg's psychological report revealed that he claimed he was drunk and high on cocaine and wanted money to continue his high when he broke into the first victim's home, and admitted that he took advantage of the victim and that he touched her. However, when asked about the January 2002 incidents, he denied any sexual contact with the girls and contended that the charges were brought because he had left the former girlfriend. He explained that he pleaded guilty to the three counts of gross sexual imposition because he was charged with sixteen counts.
 {¶ 9} At the conclusion of the sexual predator determination hearing, Othberg was sentenced to maximum, consecutive sentences of eighteen-months on each count. He was then adjudicated a sexual predator.
 {¶ 10} Othberg's five assignments of error are set forth in the appendix to this opinion.
 CONSTITUTIONAL ISSUES {¶ 11} Othberg claims that R.C. 2950.01 et seq., is unconstitutional because it is an ex post facto law that violates Article I, Section 10, of the United States Constitution, and Article II, Section 28, of the Ohio Constitution. We disagree.
 {¶ 12} In State v. Cook,[6] the Ohio Supreme Court held that R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto Clause of Section 10, Article I, of the United States Constitution.[7] Othberg's offenses, however, occurred after R.C. 2950 was enacted[8] and the predator determination was made on July 16, 2003. The statute had undergone relatively minor amendments between those dates that had no effect upon his situation and, therefore, no additional duties or disabilities could be imposed if he were adjudicated either a sexual predator or habitual sexual offender. As applied to Othberg, R.C. 2950, then in effect, is not retroactive or ex post facto and enjoys a strong presumption of constitutionality.[9] The first assignment of error is overruled.
 R.C. 2950.09(B)(2) FACTORS {¶ 13} Othberg contends that the record lacks clear and convincing evidence of his sexual predator status, and that it lacks any consideration by the judge that the R.C. 2950.09(B)(2) factors adjudicating him a sexual predator were considered. We agree.
 {¶ 14} R.C. 2950.09(B)(2) states:
{¶ 15} "In making a determination under divisions (B)(1) and(3) of this section as to whether an offender is a sexualpredator, the judge shall consider all relevant factorsincluding, but not limited to, all of the following:
 (a) The offender's age; (b) The offender's prior criminalrecord regarding all offenses, including, but not limited to, allsexual offenses; (c) The age of the victim of the sexuallyoriented offense for which sentence is to be imposed; (d) Whetherthe sexually oriented offense for which sentence is to be imposedinvolved multiple victims; (e) Whether the offender used drugs oralcohol to impair the victim of the sexually oriented offense orto prevent the victim from resisting; (f) If the offenderpreviously has been convicted of or pleaded guilty to anycriminal offense, whether the offender completed any sentenceimposed for the prior offense and, if the prior offense was a sexoffense or a sexually oriented offense, whether the offenderparticipated in available programs for sexual offenders; (g) Anymental illness or mental disability of the offender; (h) Thenature of the offender's sexual conduct, sexual contact, orinteraction in a sexual context with the victim of the sexuallyoriented offense and whether the sexual conduct, sexual contact,or interaction in a sexual context was part of a demonstratedpattern of abuse; (i) Whether the offender, during the commissionof the sexually oriented offense for which sentence is to beimposed, displayed cruelty or made one or more threats ofcruelty; (j) Any additional behavioral characteristics thatcontribute to the offender's conduct."
 {¶ 16} In making his determination that Othberg was a sexual predator, the judge merely stated, "In regard to the House Bill 180 hearing, I'm going to find that the Defendant is a sexual predator based upon clear and convincing evidence." The statute, however, requires that:
{¶ 17} "If the court determines by clear and convincingevidence that the subject offender or delinquent child is asexual predator, the court shall specify in the offender'ssentence and the judgment of conviction that contains thesentence or in the delinquent child's dispositional order, asappropriate, that the court has determined that the offender ordelinquent child is a sexual predator and shall specify that thedetermination was pursuant to division (B) of thissection."[10]
 {¶ 18} As held by the Ohio Supreme Court, "[t]he trial court should consider the statutory factors listed in R.C.2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism."[11]
 {¶ 19} The holding in Eppinger, supra, also adopted a model procedure for a sexual offender classification hearing outlining objectives for the hearing in accord with the mandates of R.C.2950.09. We likewise applied this holding in State v.Namestnik,[12] and upheld a sexual predator determination based on the sufficient explanation on the record of the evidence and supporting factors.
 {¶ 20} Further, under R.C. 2950.09(E), when an individual has been convicted of or pleaded guilty to a sexually oriented offense, the judge must make a finding regarding the offender's status as a habitual sex offender.[13] This finding must be expressly made regardless of whether the offender was already adjudicated as a sexual predator, and, although the habitual sex offender finding will have no impact on the registration requirements after a sexual predator determination, the statute, nonetheless, mandates such a finding.[14]
 {¶ 21} A review of the record and the supporting journal entry shows that the judge failed to make the required finding concerning Othberg's status as a habitual sex offender, and we therefore find plain error in his failure to do so.[15]
Since he also failed to state the rationale to support his determination in accordance with R.C. 2950.09, the sexual predator finding is vacated and this cause is remanded for a new hearing. The third assignment of error has merit.
 {¶ 22} We find Othberg's second assignment of error asserting a lack of clear and convincing evidence moot.[16]
 CONSECUTIVE SENTENCES {¶ 23} In his fifth assignment of error, Othberg claims that the judge erred in imposing consecutive sentences without the required rationale to support this sentence. We agree.
 {¶ 24} Under R.C. 2929.14(E), the judge may impose consecutive prison terms for convictions of multiple offenses upon making the following findings enumerated in the statute:
{¶ 25} "If multiple prison terms are imposed on an offenderfor convictions of multiple offenses, the court may require theoffender to serve the prison terms consecutively if the courtfinds that the consecutive service is necessary to protect thepublic from future crime or to punish the offender and thatconsecutive sentences are not disproportionate to the seriousnessof the offender's conduct and to the danger the offender poses tothe public, and if the court also finds any of the following: (a)The offender committed one or more of the multiple offenses whilethe offender was awaiting trial or sentencing, was under asanction imposed pursuant to section 2929.16, 2929.17, or 2929.18of the Revised Code, or was under post-release control for aprior offense. (b) At least two of the multiple offenses werecommitted as part of one or more courses of conduct, and the harmcaused by two or more of the multiple offenses so committed wasso great or unusual that no single prison term for any of theoffenses committed as part of any of the courses of conductadequately reflects the seriousness of the offender's conduct.(c) The offender's history of criminal conduct demonstrates thatconsecutive sentences are necessary to protect the public fromfuture crime by the offender."
 {¶ 26} Although a judge need not use the exact language of the statute, it must be clear from the record that he made the required findings.[17] When imposing consecutive prison terms for convictions of multiple offenses, he must make those findings enumerated in this statute, and must also state reasons underlying those findings on the record.[18] Failure to sufficiently state these reasons on the record constitutes reversible error."[19]
 {¶ 27} In determining that the sentences should run consecutively, the judge stated:
{¶ 28} "Court finds that these crimes were committed whileunder sanctions and that the harm is so great or unusual that asingle term would not adequately reflect the seriousness of theconduct and that the offender's criminal history shows that theconsecutive terms are needed to protect the public.
 {¶ 29} Now again, you know, I'm emphasizing, he has a historyof this type of sexual crime. I find that each offense will runconsecutive to each other, so that you receive a total prisonsentence here of fifty-four months in prison in terms of eachoffense being consecutive with each other.
 {¶ 30} You'll receive credit for time served. You'll receive290 days of jail credit in this matter. And, I want to indicate,too, that I think this is a proportional sentence in this case.It's not disproportionate to the conduct or the danger imposed.You know, there is a high degree of recidivism in this particularmatter. And those, as indicated on the report, the first fiveyears is almost forty percent; first ten, almost fifty percentand fifteen years, just over fifty percent."
 {¶ 31} A review of the record reveals that findings were made, however, the judge failed to adequately state the reasons
to support these findings. Although he referred to the Abel assessment predictors and Othberg's probable recidivism rates, he made no mention of the reasons supporting the proportionality of the sentence. We are precluded from speculating about the underlying rationale because there should be no ambiguity about why consecutive sentences were imposed. The fifth assignment of error has merit.
 {¶ 32} Because of our determination of the above assignment, we need not address the fourth assignment of error as it is moot.[20] We note, however, the recent United States Supreme Court ruling in Blakely v. Washington,[21] which states that the "statutory maximum" is not the longest term the defendant can receive under any circumstances, but is "the maximum sentence a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant."[22] Although we take no position at this time concerning whether the finding discussed in Blakely is comparable to findings under R.C. 2929.14(C), it appears that the rule in that case is cognizable in cases pending on direct appeal.[23]
 {¶ 33} We reverse and vacate the sentence and predator determination and remand for rehearings.
 APPENDIX A: "I.R.C. Section 2950.01 et seq., as applied to Mr. Othbergviolates Art. I, Sec. 10, of the united states constitution as expost facto legislation, and violates Art. II, Sec. 28, of theohio constitution as retroactive legislation.
 The evidence is insufficient, as a matter of law, to prove "byclear and convincing evidence" that Mr. Othberg "is likely toengage in the future in one or more sexually oriented offenses."
 Trial as held by the ohio supreme court in State v. Thompson,the court erred in determining that the appellant was a sexualpredator without considering, or placing upon the record any ofthe relevant factors codified at R.C. 2950.09(B)(3) [sic].
 The trial court erred in imposing the maximum sentencespursuant to R.C. Sect. 2929.14(c) where the facts presented didnot support that the appellant posed the greatest likelihood ofcommitting future crimes.
 The trial court erred by ordering consecutive sentencesagainst Mr. Othberg when it failed to make any of the necessaryfindings or reasons for the findings required by R.C.2929.14(e)(4)."
It is ordered that appellant recover from appellee costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., Concurs (See separate Concurring Opinionattached)
 Karpinski, J., Concurs, but concurs in Judgment only as toassignment of error III (See separate opinion attached)
[1] R.C. 2911.11.
[2] R.C. 2903.11.
[3] R.C. 2907.05.
[4] The record reflects conflicting evidence as to Othberg's halfway house residence, varying between a termination of residence due to alcohol abuse to Othberg leaving the facility without notification, resulting in a warrant being issued for his arrest.
[5] We note that the record does not contain a police statement by M.
[6] 83 Ohio St.3d 404, 1998-Ohio-291, 700 N.E.2d 570, paragraph two of the syllabus.
[7] R.C. 2950 was amended effective 7-31-03.
[8] Effective 1-1-97.
[9] Cook, supra, at 409.
[10] R.C. 2950.09 (B)(4).
[11] State v. Eppinger (2001), 91 Ohio St.3d 158, 166,2001-Ohio-247, 743 N.E.2d 881, 889. See also State v.Russell,(Apr. 8, 1999), Cuyahoga App. No. 73237; State v.Casper, (June 10, 1999), Cuyahoga App. Nos. 73061, 73064, 73062 and 73063.
[12] (Sept. 4, 2003), Cuyahoga App. No. 82228, 2003-Ohio-4656.
[13] State v. Gopp, (2003), 154 Ohio App.3d 385, 389,2003-Ohio-4908, 797 N.E.2d 531; See also, State v. Rhodes,
(March 27, 2002), Belmont App. No. 99 BA 62, 2002-Ohio-1572.
[14] State v. Reed, (April 14, 2004), Summit App. No. C.A. No. 21614. 2004-Ohio-1881, citing Rhodes, supra.
[15] State v. Barnes (2002), 94 Ohio St.3d 21, 2002-Ohio-68,759 N.E.2d 1240.
[16] App. R. 12.
[17] State v. Veras (July 8, 1999), Cuyahoga App. Nos. 74416, 74466.
[18] See R.C. 2929.19(B)(2)(c); See also State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473.
[19] State v. Johnson, Cuyahoga App. No. 80436, 2002-Ohio-7057. (Internal citations omitted.)
[20] App. R. 12.
[21] (2004) 124 S.Ct. 2531, 159 L.Ed.2d 403.
[22] Id., 159 L. Ed. 2d at 413.
[23] See Schriro v. Summerlin (2004), 124 S. Ct. 2519,159 L.Ed. 2d 442, 448, ("new rule" is applicable to cases pending on direct appeal).