DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the Wood County Court of Common Pleas, which entered a judgment finding appellant Lawrence Knopp to be a sexual predator. For the following reasons, we reverse the decision of the trial court.
 {¶ 2} In 1989, appellant pleaded guilty to attempted rape and kidnapping. He was sentenced to two indefinite prison terms of five to fifteen years, to be served concurrently. He was still imprisoned at the time of his sexual predator hearing on February 6, 2004.
 {¶ 3} The victim was the only witness at the hearing. She testified that on the night of the offense, she was walking along a road in Wood County when a truck pulled up alongside her and the passenger asked her if she needed a ride. (It was established that appellant was the driver and the passenger was appellant's co-defendant.) The victim responded that she did not want a ride, and the truck began to pull away. The truck then backed up, and the passenger grabbed the victim by the neck and threw her into the truck. According to the victim, appellant held her down while the passenger removed her clothes and digitally penetrated her. She testified that appellant drove all around in an effort to confuse her as to their whereabouts. The victim was resisting the entire time and tried to escape out a window. She testified that appellant told her that she "should have come with them the first time they asked" her.
 {¶ 4} At some point, the truck got stuck in a ditch. Appellant left the scene to get help with the truck. As appellant was leaving, the passenger was in the act of raping the victim. At the hearing, the victim nodded affirmatively when asked if appellant knew that the passenger was raping her. Appellant left the scene "several times" to get help with the truck. At times when appellant had brought someone back to the truck, the passenger was dragging the victim through bean fields and gagging her, ordering her not to scream. Once when appellant had returned to the truck, the passenger restrained the victim while appellant tried to rape her, but he was unable to because the victim resisted. Appellant did, however, fondle the victim's vaginal area and perform oral sex on her. He spoke to her in a very "vulgar" manner and told her that they should "tie [her] to the bumper of his truck and drag [her] through the bean field." By the end of the ordeal, the passenger had raped the victim several times. Appellant did nothing to help her.
 {¶ 5} On cross-examination, defense counsel asked the victim about the statement she gave to the probation department during appellant's presentence investigation. Counsel asked why the victim's statement in the report did not include a statement that appellant had threatened to drag her behind his truck. The victim testified that she did not have a clear recollection of that interview and responded that perhaps the investigator did not ask about any threats. When asked whether her recollection would have been clearer shortly after the incident than it was now, the victim indicated that her recollection was clearest when she was speaking with detectives and prosecutors right after the incident occurred. On redirect, she testified that she spoke of the threats to both the police and the prosecutor right after the incident. Finally, the victim conceded that appellant agreed to the protection order the victim requested and that he has never threatened her since the incident.
 {¶ 6} Following the hearing, the trial court found appellant to be a sexual predator. Appellant now appeals, setting forth the following assignment of error for our review:
 {¶ 7} "THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A SEXUAL PREDATOR BECAUSE THE EVIDENCE WAS INSUFFICIENT TO SUPPORT SUCH A CLASSIFICATION."
 {¶ 8} The Ohio Supreme Court recently considered the nature of sexual predator hearings. See State v. Eppinger (2001), 91 Ohio St.3d 158. Though the court in Eppinger was concerned mainly with an indigent defendant's right to expert testimony for sexual predator hearings, the court shed some light on the purpose of the sexual predator statute. The court noted that, although a single sexually oriented offense is "reprehensible and does great damage to the life of the victim," the purpose of the sexual predator statute is not to punish the offender but to protect the public. Id. at 165. Therefore, the main concern in sexual predator hearings is to determine an offender's likelihood of re-offending. Id. at 166. According to the court, in some cases, the trial court will have adequate evidence before it to determine, without the aid of expert testimony, whether an offender is likely to re-offend. However, as the court stated,
 {¶ 9} "[A] person who has been convicted of or who has pled guilty to committing one sexually oriented offense is not necessarily likely to engage in the future in one or more sexually oriented offenses. One sexually oriented offense is not a clear predictor of whether that person is likely to engage in the future in one or more sexually oriented offenses, particularly if the offender is not a pedophile. Thus, we recognize that one sexually oriented conviction, without more, may not predict future behavior. Therefore, the appointment of an expert may be warranted to aid the trial court in determining the likelihood of recidivism." (Emphasis in original.) Id. at 162.
 {¶ 10} Therefore, in deciding whether recidivism is likely, the trial court shall consider all relevant evidence, which in a "model" proceeding would include an adequate record of the underlying offense, a consideration of the factors enumerated in R.C. 2950.09(B)(3), and, in appropriate circumstances, expert testimony. Id. at 166. With these principles in mind, we turn to the relevant statutes.
 {¶ 11} Sexual predator hearings are governed by statute, and R.C.2950.09 sets out when a court must conduct a hearing. As applicable to this case, R.C. 2950.09(C)(1) provides:
 {¶ 12} "If a person was convicted of or pleaded guilty to a sexually oriented offense that is not a registration-exempt[1] sexually oriented offense prior to January 1, 1997, if the person was not sentenced for the offense on or after January 1, 1997, and if, on or after January 1, 1997, the offender is serving a term of imprisonment in a state correctional institution, the department of rehabilitation and correction shall do whichever of the following is applicable:
 {¶ 13} "(a) If the sexually oriented offense was an offense described in division (D)(1)(c) of section 2950.01 of the Revised Code or was a violent sex offense, the department shall notify the court that sentenced the offender of this fact, and the court shall conduct a hearing to determine whether the offender is a sexual predator.
 {¶ 14} "(b) If division (C)(1)(a) of this section does not apply, the department shall determine whether to recommend that the offender be adjudicated a sexual predator. In making a determination under this division as to whether to recommend that the offender be adjudicated a sexual predator, the department shall consider all relevant factors, including, but not limited to, all of the factors specified in divisions (B)(2) and (3) of this section. If the department determines that it will recommend that the offender be adjudicated a sexual predator, it immediately shall send the recommendation to the court that sentenced the offender. * * *."
 {¶ 15} Both of these subdivisions apply. Under R.C. 2950.09(C)(1)(a), appellant was convicted of kidnapping in connection with an attempted rape, which is one of the offenses listed in R.C. 2950.01(D)(1)(c). Therefore, appellant would have been subject to a sexual predator hearing even without a recommendation from the department of rehabilitation and correction. Nevertheless, under R.C. 2950.09(C)(1)(b), the department recommended such a hearing for appellant.
 {¶ 16} The term "sexual predator," as relevant to this case, means a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E)(1). Both attempted rape and kidnapping done in connection with rape are sexually oriented offenses. See R.C. 2950.01(D)(1)(a), (c).
 {¶ 17} R.C. 2950.09(B)(3) sets out the statutory factors the court must consider to aid it in determining whether recidivism is likely. That section provides:
 {¶ 18} "(3) In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 19} "(a) The offender's or delinquent child's age;
 {¶ 20} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 21} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 22} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 23} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 24} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 25} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 26} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 27} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 28} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 29} A trial court need not find all of the factors in order to classify an offender as a sexual predator. See, e.g., State v. Fenton
(May 26, 2000), 6th Dist. No. OT-99-035. However, a trial court's determination that an offender is a sexual predator must be supported by clear and convincing evidence, R.C. 2950.09(B)(4), and it is the state's burden to establish such proof. Eppinger, 91 Ohio St.3d at 163. The Supreme Court of Ohio has held that clear and convincing evidence is:
 {¶ 30} "[T]hat measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford
(1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 31} In this case, the trial court made the following findings:
 {¶ 32} "The court finds that the Defendant will become 39 years of age in May of 2004 and that the offender's prior criminal record was not extensive prior to these offenses. However, he was convicted of attempted rape and kidnapping in the instant offense. That the age of the Defendant at the time of the offense was 23, and that the victim was 18 years of age at the time of the instant offense. The Court further finds that there were multiple offenses, both in the sense of the two offenses for which the Defendant was convicted, and also the fact that there were multiple sexual acts, all of which could be separate counts, in all of which the Defendant aided and abetted. The Court further finds that there were not multiple victims, but that there were multiple offenses and that the co-defendants worked in conjunction with each other. The Court further finds that the factor concerning the use of drugs or alcohol to impair the victim does not apply. The Court further finds that the offender had no prior conviction of a sexual offense, nor was there any mental illness or mental disability. The Court categorizes, with regard to the nature of the sexual conduct or interaction as a demonstrated pattern of abuse, that this was the behavior of two men, working in conjunction with each other, assisting each other in committing multiple sexual offenses with the same victim. The use of violence does demonstrate a pattern of abuse, albeit confined to a number of hours. Further, that during the commission of the offense, the offender used threats and cruelty in the instant offense, and attributed to the defendant and co-defendant, a total lack of regard for the victim's feelings. Further, the Court finds that the total scenario, factually, clearly fits the scenario of a predator, where the co-defendants worked in conjunction. The Court finds that the Defendant is likely to commit one or more sexually oriented offenses."
 {¶ 33} Appellant contends in his assignment of error that the record does not clearly and convincingly support a finding that he is a sexual predator based solely on the facts of the underlying offense. As stated earlier, a "model" sexual predator hearing requires that the trial court consider the record of the underlying offense, the factors in R.C.2950.09(B)(3), and, in appropriate cases, expert testimony. SeeEppinger, 91 Ohio St.3d at 166. In this case, first, the record below was scant as appellant pleaded guilty. However, the court had before it the presentence investigation report prepared before appellant was sentenced. Second, the trial court held a hearing to determine which of the (B)(3) factors applied. Third, it did not consider expert testimony because neither party requested the assistance of an expert. Based on its review, the trial court found that several of the (B)(3) factors applied and determined that appellant is a sexual predator despite the fact that he had never before been convicted of a sexually oriented offense.
 {¶ 34} We agree with the trial court that appellant displayed cruelty in threatening the victim. See R.C. 2950.09(B)(3)(i). However, we cannot agree with the trial court that this single incident, as horrific as it was, amounted to a pattern of abuse. See R.C. 2950.09(B)(3)(h). Likewise, we cannot agree with the trial court that R.C. 2950.09(B)(3)(d) applies, as this section focuses on multiple "victims," not multiple offenses. Further, appellant has no prior convictions for sexually oriented offenses, and his criminal history is largely unremarkable, consisting principally of traffic offenses. See R.C. 2950.09(B)(3)(b). No other factors are relevant to appellant or this offense. Based on this record, we cannot agree with the trial court that the state established by clear and convincing evidence that appellant was likely to commit another sexually oriented offense.
 {¶ 35} Appellant cites a persuasive case from the Cuyahoga County Court of Appeals, which, under similar circumstances, held that the facts of the underlying offense were not sufficient to establish that the defendant was likely to commit another sexually oriented offense. SeeState v. Winchester (2001), 145 Ohio App.3d 92, 97, discretionary appeal not allowed (2001), 93 Ohio St.3d 1473. Appellee argues thatWinchester is distinguishable because, in that case, the defendant participated in anger management and sexual offender treatment in prison. (He also presented expert testimony that he was unlikely to re-offend.) However, in Winchester, before even considering the defendant's evidence, the court considered the state's evidence and concluded that the state did not prove by clear and convincing evidence that the defendant was likely to re-offend. Id. at 98. Not only did the state fail in its burden, according to the court, but it also failed to rebut the defendant's testimony that he was not likely to re-offend. In attempting to distinguish Winchester as it is, appellee ignores the relative burdens in a sexual predator hearing. It is, in the first instance, the state's burden to prove that an offender is likely to re-offend; it is not the offender's burden to prove that he is not likely to re-offend. Therefore, in this case, if appellant had come forward with evidence that he participated in treatment, such evidence might have helped to establish that he is not likely to re-offend; however, his failure to do so cannot be deemed as evidence that he is likely to re-offend.
 {¶ 36} This is one of those cases in which expert testimony may have aided the court. However, neither the state nor appellant introduced expert testimony, appellee acknowledging at the hearing that expert testimony would not have helped the state. Appellee now contends in its brief that, in the event we find the evidence insufficient to establish appellant as a sexual predator, we must remand the case for further proceedings to focus on appellant's "present condition." According to appellee, it should not be "faulted" just because appellant failed to present expert testimony. Appellant cites several cases to support his request for remand. See Eppinger, 91 Ohio St.3d at 167; State v. Cook
(1998), 83 Ohio St.3d 404, 425, certiorari denied (1999), 525 U.S. 1182;State v. Allen (2001), 142 Ohio App.3d 291, 296. However, none of these cases stands for the proposition that, when the state fails in its burden to prove by clear and convincing evidence that a sexually oriented offender is likely to re-offend, the court of appeals must remand the case to the trial court to give the state a second chance to do so. The cases cited by appellee stand for the proposition that the appellate court should remand the case when the trial court failed to consider all of the evidence before it or made a procedural error in conducting the hearing. Here, the trial court conducted the hearing in a regular fashion but erred in its conclusion. Therefore, there is no need for a remand.
 {¶ 37} Upon due consideration, we find that substantial justice has not been done the party complaining, and the decision of the Wood County Court of Common Pleas is reversed. Appellee is ordered to pay the costs of this appeal for which sum judgment is rendered against appellee on behalf of Wood County and for which execution is awarded. See App.R. 24.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J. Skow, J. Concur.
Parish, J. Concurs and Writes Separately.
[1] These offenses are not registration-exempt as defined in R.C.2950.01(Q) and (P).