DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the Lucas County Court of Common Pleas, which entered a judgment finding appellant Robert Earl Carpenter to be a sexual predator. For the following reasons, we vacate the judgment and remand this case to the trial court.
 {¶ 2} In 1981, appellant was convicted of gross sexual imposition, aggravated robbery, and aggravated burglary arising out of an incident in which, according to appellant's allegations, only appellant's co-defendant sexually assaulted a victim. Appellant was incarcerated on that conviction until 1994. He started serving another prison term four months later for another aggravated robbery conviction. While serving this prison term, another inmate alleged that appellant raped him. Appellant alleges that his accuser was eventually "charged" with "lying" about this incident.
 {¶ 3} Prior to appellant's possible release on parole, the Department of Rehabilitation and Correction recommended a sexual offender classification hearing pursuant to R.C. 2950.09. At an initial hearing on May 24, 2004, the trial court was presented with a report from the Court Diagnostic Treatment Center by Lucia Hinojosa, clinical psychologist, which recommended a sexual predator classification for appellant. Appellant's trial counsel requested that a second opinion be provided because some of the records of certain conduct by appellant referred to in Hinojosa's report were to have been expunged. The trial court agreed to order a second opinion.
 {¶ 4} On June 28, 2004, at the second scheduled hearing on the matter, the trial court was presented with a report from the Court Diagnostic Treatment Center by Timothy F. Wynkoop, neuropsychologist, which also recommended a sexual predator classification for appellant. This report also referred to the allegedly "expunged" records of appellant's conduct while incarcerated. The trial court then stated:
 {¶ 5} "Based upon the report and the evidence before the Court, the Court will find the defendant is a sexual predator, designate him as such. * * *"
 {¶ 6} In a June 30, 2004 judgment entry, the trial court stated:
 {¶ 7} "Defendant, having been convicted of a sexually oriented offense, hearing was held pursuant to R.C. 2950.09. The Court finds by clear and convincing evidence that:
 {¶ 8} "Defendant IS a SEXUAL PREDATOR as defined by R.C. 2950.01(E), and the victim of this offense was an adult. * * *"
 {¶ 9} Appellant now appeals, setting forth the following assignments of error for our review:
 {¶ 10} "Assignment of Error Number One
 {¶ 11} "The evidence before the trial court was insufficient to support a finding by clear and convincing evidence that Mr. Carpenter is appropriately classified as a sexual predator.
 {¶ 12} "Assignment of Error Number Two
 {¶ 13} "The trial court erred in failing to provide appellant with procedural due process by considering unreliable hearsay and likely basing its decision thereon.
 {¶ 14} "Assignment of Error Number Three
 {¶ 15} "The trial court erred in finding Mr. Carpenter to be a sexual predator without making findings on the record by clear and convincing evidence as to any of the specific factors enunciated in R.C. § 2950.09."
 {¶ 16} Regarding appellant's third assignment of error, R.C.2950.09(B)(4) provides in pertinent part:
 {¶ 17} "After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(3) of this section, the court shall determine by clear and convincing evidence whether the subject offender * * * is a sexual predator. * * * If the court determines by clear and convincing evidence that the subject offender * * * is a sexual predator, the court shall specify in the offender's sentence and the judgment of conviction that contains the sentence * * * that the court has determined that the offender * * * is a sexual predator and shall specify that thedetermination was pursuant to division (B) of this section." (Emphasis added.)
 {¶ 18} In turn, R.C. 2950.09(B)(3) sets out the statutory factors the court must consider to aid it in determining whether recidivism is likely. That section provides:
 {¶ 19} "(3) In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 20} "(a) The offender's or delinquent child's age;
 {¶ 21} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 22} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 23} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 24} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 25} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 26} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 27} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 28} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 29} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 30} In State v. Eppinger, 91 Ohio St.3d 158, 166, 2001-Ohio-247, the Supreme Court of Ohio "`adopted' a prototype of a `model sexual offender classification hearing.' State v. Eppinger (2001) at 166. This model included 1) a thorough review of the record of the offender's original convictions, 2) consideration of the appointment of a psychological expert and 3) consideration of the R.C. 2950.09(B)(2) factors." State v. Jordan, 6th Dist. No. L-02-1270, 2003-Ohio-3428 at ¶ 21. Regarding this last component of a model hearing, the Eppinger court concluded that although R.C. 2950.09 does not require the court to list all criteria, in such a hearing, the trial court should consider the statutory factors listed in R.C. 2950.09(B)(3),[1] and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism.Eppinger, at 166. By laying out the model hearing, the Supreme Court of Ohio was "* * * suggesting standards for the trial courts that will aid the appellate courts in reviewing the evidence on appeal and ensure a fair and complete hearing for the offender." Eppinger, at 167.
 {¶ 31} In Jordan, in what is essentially dicta, we stated that we did not believe the Eppinger "model" hearing was "an immutable requirement."Jordan ¶ 22. However, in contrast to the present case, in Jordan, there was no specific assignment of error related to the trial court's compliance with the hearing requirements pursuant to Eppinger or the judgment of conviction requirements of R.C. 2950.09(B)(4). In fact, inJordan, the appellant had waived a classification hearing. Therefore, we do not find that our holding in Jordan constrains us to affirm the trial court's noncompliance with R.C. 2950.09(B)(4) in the judgment of conviction and noncompliance with the model hearing adopted in Eppinger.
 {¶ 32} In State v. Othberg, 8th Dist. No. 83342, 2004-Ohio-6103, similar to the present case, among other assignments of error, the appellant asserted: (1) that the evidence was insufficient as a matter of law to prove by clear and convincing evidence that the appellant was likely to engage in the future in one or more sexually oriented offenses, and (2) the trial court erred in determining that the appellant was a sexual predator without considering, or placing on the record any of the relevant factors codified at R.C. 2950.09(B)(3). Id. at Appendix A. In Othberg, in making the sexual predator finding, the trial court merely stated, "`In regard to the House Bill 180 hearing, I'm going to find that the Defendant is a sexual predator based upon clear and convincing evidence." After discussing Eppinger, the court held that since the trial court failed to state the rationale to support his sexual predator determination, apparently either at the hearing or in the judgment of conviction in accordance with R.C. 2950.09, the sexual predator finding had to be vacated. Id. ¶ 21. The court remanded the cause for a new hearing. Id. The court found the appellant's assignment of error asserting a lack of clear and convincing evidence moot. Id. ¶ 22.
 {¶ 33} In State v. Smith, 11th Dist. No. 2002-G-2488, 2004-Ohio-3853, at least the transcript of the sexual offender classification hearing was replete with the trial court's findings regarding the relevant statutory factors for the appellant's sexual predator classification. Id. ¶ 33. Therefore, the court found no merit in the appellant's assignment of error alleging that his classification as a sexual predator was against the manifest weight of the evidence. The court affirmed the trial court's sexual predator classification. Id. ¶ 28. However, the court found that the trial court failed to comply with the requirements enumerated in R.C. 2950.09(B)(4) by failing to include its statutory findings in the judgment of conviction. Id. ¶ 34. Therefore, the court remanded the matter to the trial court on that issue to include its findings in the judgment of conviction. Id.
 {¶ 34} In the present case, the state concedes that the trial court failed to discuss, either on the record or in its journal entry, the evidence and the relevant statutory factors. Unlike Smith, the transcript of the sexual offender classification hearing in the present case does not contain any findings regarding the relevant statutory factors for appellant's sexual predator classification. Therefore, unlike Smith, we cannot rule on the merits of the evidence presented at the hearing which is included in appellant's first and second assignments of error. Instead, similar to Othberg, the sexual predator finding must be vacated and the matter must be remanded for a new hearing with specific findings. At this point, we consider this case to be one in which the trial court made a procedural error in conducting the sexual offender classification hearing. An appellate court should remand such a case when the trial court makes a procedural error in conducting the hearing. Statev. Knopp, 6th Dist. No. WD-04-024, 2005-Ohio-3358 at ¶ 36. Further, the hearing in the present case deviated enough from Eppinger's model hearing that it failed in its purpose, as stated in Eppinger, to aid this appellate court in reviewing the evidence on appeal and ensure a fair and complete hearing for appellant. Accordingly, appellant's third assignment of error is well-taken. Further, appellant's first and second assignments of error asserting a lack of clear and convincing evidence and unreliable hearsay are moot.
 {¶ 35} The judgment of the Lucas County Court of Common Pleas is vacated and this cause is remanded for a new sexual offender classification hearing with more specific findings in accordance with R.C. 2950.09(B)(3), 2950.09(B)(4) and Eppinger. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT VACATED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, Singer, and Parish, J., concur.
[1] R.C. 2950.09 was amended effective January 1, 2002. The factors presently listed at division (B)(3) previously were listed at division (B)(2). Therefore, Eppinger's reference to division (B)(2) corresponds to recodified division (B)(3) in R.C. 2950.09. S.B. 3.