JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Terrence Gideons appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we affirm the trial court's decision and remand for the limited purpose of determining appellant's sex offender status.
 I. {¶ 2} The appeal in the case at bar involves two different lower court cases, Case No. 447573 and Case No. 447609. In Case No. 447573, appellant was arrested for aggravated robbery on December 29, 2003. On January 21, 2004, the Cuyahoga County Grand Jury returned a multicount indictment against appellant, alleging a violation of R.C. 2911.01, aggravated robbery. Appellant ultimately pleaded guilty to theft of drugs on September 9, 2004 and was sentenced to one year at the Lorain Correctional Facility on November 11, 2004.
 {¶ 3} On January 23, 2004, the grand jury returned a six-count indictment against appellant in Case No. 447609. Counts one and two alleged violations of R.C. 2907.04, unlawful sexual conduct with a minor, and counts three through six alleged violations of R.C. 2903.11, felonious assault.
 {¶ 4} On February 2, 2004, appellant pleaded not guilty to the indictment in its entirety. After several pretrials involving both cases, a plea agreement was reached. On September 9, 2004, the parties placed the plea agreement on the record and the trial court accepted appellant's change of plea on both cases. In Case No. 447609, the government agreed to dismiss counts three through six in exchange for appellant's plea of guilty to counts one and two.
 {¶ 5} Appellant was referred to the probation department for a pre-sentence investigation report and to the court psychiatric clinic in preparation for the sexual offender classification hearing. The sexual offender classification hearing was conducted on November 16, 2004. Appellant was found to be a sexual predator at the hearing.
 {¶ 6} After reviewing appellant's record and the PSI report, the lower court found that a prison sentence was appropriate. The trial court also found that both unlawful sexual conduct offenses were to be considered the worst form of the offense. The court then ordered appellant to serve a five-year term of incarceration on count one, a three-year term of incarceration on count two and a one-year term on the theft of dangerous drugs offense.
 {¶ 7} Counts one and two were ordered to run consecutive to one another. The trial court, however, failed to make findings regarding the consecutive terms of imprisonment. This timely appeal follows.
 II. {¶ 8} Appellant's first assignment of error states the following: "The trial court erred when it ordered consecutive sentences without furnishing the necessary findings and reasons required by R.C.2929.14(E)(4) and R.C. 2929.19(B)(2)."
 {¶ 9} Appellant's second assignment of error states the following: "The appellant has been deprived of his liberty without due process of law and of his constitutional right to a trial by jury by the maximum sentence imposed on him, for the reason that a jury did not find the facts which supported the imposition of a maximum sentence."
 {¶ 10} Appellant's third assignment of error states the following: "The trial court erred in sentencing Mr. Gideons to a term of incarceration beyond the minimum where Mr. Gideons did not admit to serving a prior term of incarceration and the fact was not found beyond a reasonable doubt by a jury."
 {¶ 11} Appellant's fourth assignment of error states the following: "The trial court's conclusion that Mr. Gideons is a sexual predator is not supported by sufficient evidence."
 {¶ 12} Appellant's fifth assignment of error states the following: "The trial court erred in not making a finding regarding Mr. Gideons' status as a habitual sexual offender."
 III. {¶ 13} Because of the substantial interrelation between appellant's first three assignments of error, we shall address them together in the following section. Appellant argues that the trial court erred when it ordered consecutive sentences, sentenced him beyond the minimum and imposed a maximum sentence. However, we do not find merit in appellant's arguments.
 {¶ 14} Appellant argues in his first assignment of error that the trial court erred when it violated the requirements of R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2).
 {¶ 15} R.C. 2929.14, Basic Prison Terms, (E)(4)(a)-(c) states the following:
"(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
"(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
"(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 16} R.C. 2929.19(B)(2) states the following:
"(B)(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
"(a) Unless the offense is a violent sex offense or designated homicide, assault, or kidnapping offense for which the court is required to impose sentence pursuant to division (G) of section 2929.14 of the Revised Code, * * *.
"* * *
"(c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences."
 {¶ 17} Therefore, per R.C. 2929.14(E)(4), the court is required to make three findings before imposing a consecutive sentence. Furthermore, per R.C. 2929.19(B)(2)(c), the trial court is required to articulate its reasons for the findings. Failure to do so constitutes error. In the case at bar, the record demonstrates that the trial court met these requirements prior to imposing consecutive sentences.
 {¶ 18} The trial court stated the following:
"* * * it would appear to this Court the fact that defendant has a record that spans 13 years; he's been incarcerated two times previously; he has six prior felony convictions, one of his prior convictions had to do with an act of violence, and the first remorse that appears including the PSI and the psychiatric report is today so I find that there was no remorse. * * *
"In the second, case * * * The Court finds for the same reasons, the 13 year records, * * * would lead the Court again that incarceration should be the appropriate sentence.
"The defendant is then entitled to a presumption if he has not previously been incarcerated to the minimum concurrent. However, the defendant has twice been incarcerated so that presumption does not apply. * * *
"The Court would additionally note that the defendant speaks lovingly of a family but the report would indicate that he has six children by four different women, two of them clearly born to women since his HIV status was officially known, and also noted that the defendant does not pay child support for any of these children.
"I can conceive of no reason that those factors do not combine together to create a worse form of the offense."[1]
 {¶ 19} Pursuant to R.C. 2929.14(E)(4), a trial court is required to make at least three findings prior to sentencing an offender to consecutive sentences. Likewise, pursuant to R.C. 2929.19(B)(2)(c), the trial court must give its reasons behind its findings and make a record at the sentencing hearing that confirms that the trial court's decision-making process included all of the statutorily required sentencing considerations. The trial court need not use the exact words of the statute; however, it must be clear from the record that the trial court made the required findings. State v. Armstrong, Cuyahoga App. No. 81928, 2003-Ohio-5932.
 {¶ 20} The court is not required to recite from the statute verbatim to be in compliance with the law in the imposition of sentence. State v.Klepatzksi, Cuyahoga App. No. 81676, 2003-Ohio-1529. Rather, it must be demonstrated by the record that the court considered all of the relevant factors prior to the imposition of a consecutive sentence. State v.Edmonson (1999), 86 Ohio St.3d 324. State v. Urquhart, Cuyahoga App. No. 81869, 2003-Ohio-4052.
 {¶ 21} The transcript above, along with the additional evidence in the record, demonstrates that the trial court made the required findings. Moreover, the trial court gave its reasons behind the findings and made a record at sentencing confirming that its decision-making process included all required sentencing considerations.
 {¶ 22} The trial court considered appellant's extensive criminal record, previous incarceration, lack of remorse, family history, and lack of child support payments prior to passing sentence on appellant. Accordingly, we find the trial court's actions to be proper, and therefore, overrule appellant's first assignment of error.
 {¶ 23} Appellant argues in his second and third assignments of error that Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, applies. However, we do not agree. Appellant's argument that his maximum sentence violates the United States Supreme Court's decision in Blakely has been addressed in this court's en banc decision of State v. Lett.[2] InLett, we held that R.C. 2929.14(C) and (E), which governs the imposition of maximum and consecutive sentences, do not implicate the Sixth Amendment as construed in Blakely. Accordingly, in conformity with that opinion, we reject appellant's contentions and overrule appellant's second assignment of error.
 {¶ 24} In addition, appellant's argument that his nonminimum sentence violates the United States Supreme Court's decision in Blakely has been addressed in this court's en banc decision of State v. Atkins-Boozer.[3]
In Atkins-Boozer, we held that R.C. 2929.14(B), which governs the imposition of nonminimum sentences, does not implicate the Sixth Amendment as construed in Blakely. Accordingly, in conformity with that opinion, we reject appellant's contentions and overrule appellant's third assignment of error.
 IV. {¶ 25} Because of the outcome of appellant's fifth assignment of error, we shall address appellant's fifth assignment of error prior to his fourth assignment. Appellant argues that the trial judge failed to make the required R.C. 2950.09(E) findings concerning appellant's status as a habitual sex offender. We find merit in appellant's argument.
 {¶ 26} Under R.C. 2950.09(E),[4] when an individual has been convicted of or pleaded guilty to a sexually oriented offense, the judge must make a finding regarding the offender's status as a habitual sex offender. State v. Othberg, Cuyahoga App. No. 83342, 2004-Ohio-6103,State v. Gopp, 154 Ohio App.3d 385, 389, 2003-Ohio-4908; see also,State v. Rhodes, Belmont App. No. 99 BA 62, 2002-Ohio-1572. This finding must be expressly made regardless of whether the offender was already adjudicated as a sexual predator, and, although the habitual sex offender finding will have no impact on the registration requirements after a sexual predator determination, the statute, nonetheless, mandates such a finding. Othberg, supra.
 {¶ 27} A review of the record and the supporting journal entry shows that the trial court failed to make the required finding concerning appellant's status as a habitual sex offender. Moreover, the state conceded as much in its brief when it stated: "Clearly the court obviously considered the appellant's lack of a prior conviction but did not say the exact words `defendant is not a habitual sex offender.' The state will concede this omission * * *." The sentencing court must expressly make a habitual offender determination, regardless of whether the court found the offender to be a sexual predator. As the trial court failed to comply, we must sustain appellant's fifth assignment of error.
 {¶ 28} Accordingly, this matter is to be remanded for a hearing on the determination of the habitual sex offender classification.
 {¶ 29} Appellant's fifth assignment of error is sustained. Appellant's fourth assignment of error is moot. App.R. 12(A)(1)(c).
 {¶ 30} Accordingly, we affirm appellant's conviction and remand this case for the limited purpose of determining appellant's sex offender status.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, JR., P.J., and Gallagher, J., concur.
[1] Tr. 104-105.
[2] Cuyahoga App. Nos. 84707 and 84729, 2005-Ohio-2665.
[3] Cuyahoga App. No. 84151, 2005-Ohio-2666.
[4] R.C. 2950.09(E)(1) states the following: "If a person is convicted of or pleads guilty to committing, on or after January 1, 1997, a sexually oriented offense that is not a registration-exempt sexually oriented offense, the judge who is to impose sentence on the offender shall determine, prior to sentencing, whether the offender previously has been convicted of or pleaded guilty to, or adjudicated a delinquent child for committing, a sexually oriented offense or a child-victim oriented offense and is a habitual sex offender. * * *"