DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that found appellant guilty of one count of aggravated robbery, one count of kidnapping and one count of rape and sentenced him to a term of imprisonment. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellant sets forth a single assignment of error:
 {¶ 3} "The trial court erred to the prejudice of Mr. Johnson when it sentenced him to non-minimum, consecutive sentences based on facts not alleged in the indictment nor admitted by Mr. Johnson."
 {¶ 4} On May 7, 2004, appellant entered no contest pleas to one count each of aggravated robbery, kidnapping and rape. The trial court accepted appellant's plea and found him guilty. Each offense for which appellant was convicted is a first-degree felony subject to a prison sentence of three to ten years. On August 10, 2004, appellant was sentenced to three years on the aggravated robbery count, three years on the kidnapping count and eight years on the rape count. The trial court ordered appellant's sentences to be served consecutively. Appellant now asserts that, pursuant to Blakely v. Washington (2004), 542 U.S. 296, the trial court erred because it based his sentences upon findings not charged in an indictment, submitted to a jury or admitted by appellant. In Blakely,
the United States Supreme Court held that "[t]he relevant statutory maximum * * * is the maximum a judge may impose based solely on the facts reflected in the jury verdict or admitted by the defendant." Blakely, at syllabus.
 {¶ 5} This court has rejected the application of Blakely to Ohio's sentencing scheme in cases where the trial court, faced with a range of possible sentences, imposes a greater-than-minimum sentence on an offender after applying at least one of the factors set forth in R.C. 2929.14(B). See, e.g., State v. Curlis, 6th Dist. No. WD-04-032, 2005-Ohio-1217. Based on our decision in Curlis, appellant's argument that he should be resentenced pursuant to Blakely, supra, is without merit. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 6} On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Skow, J., Parish, J., concur.