DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Logan Paul Dickson, brings this appeal as of right from the decision of the Ottawa County Court of Common Pleas to impose nonminimum and consecutive sentences upon appellant after finding him guilty on five counts of gross sexual imposition. All counts involved are violations of R.C. 2907.05(A)(4) and are felonies of the third degree. Appellant raises a single assignment of error:
 {¶ 2} "Whether the trial court erred to the prejudice of the defendant/appellant by basing his sentence on facts that were neither admitted to by the defendant nor found by a jury as required by Blakely." [sic]
 {¶ 3} Appellant correctly asserts that in Blakely v. Washington,
(2004), 542 U.S. 296, the United States Supreme Court determined that enhancement of a criminal sentence violated a defendant's Sixth Amendment right to a jury trial in those instances when a trial court makes findings based upon facts that were not submitted to a jury or admitted by the defendant. This court, however, has held that the Blakely
protections of a defendant's right to trial by jury are not implicated under Ohio's sentencing scheme and that Blakely applies only when the maximum sentence in the available range for an offense has been exceeded which, under Ohio law, simply does not occur. State v. Curlis, 6th Dist. No. WD-04-032, 2005-Ohio-1217, at ¶ 18. Accordingly, appellant did not have a constitutional right to have the facts supporting a finding essential to his non-minimum, consecutive sentences determined by a jury. See State v. Johnson, 6th Dist. Nos. L-04-1258 and L-04-1239,2005-Ohio-5459. Appellant's sole assignment of error is found not well-taken.
 {¶ 4} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair hearing, and the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, Singer, Pietrykowski, J., concur.