DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Robert McNeely, appeals his conviction and sentence on three counts of sexual battery, all of which are violations of R.C. 2907.03(A)(5) and felonies of the third degree. Appellant sets forth the following assignments of error:
 {¶ 2} "The trial record does not contain `clear and convincing' evidence that appellant should have been classified as a Habitual Child-Victim Offender.
 {¶ 3} "Appellant's Sixth Amendment constitutional rights were violated and/or the evidence was legally insufficient to support consecutive sentences that were not at the low end of the sentencing range.
 {¶ 4} "Appellant did not receive effective assistance of counsel, and this prejudicially affected his right to a fair trial."
 {¶ 5} Appellant was originally indicted on three counts of rape in violation of R.C. 2907.02, felonies of the first degree. However, appellant later agreed to enter a guilty plea, pursuant to North Carolina v. Alford (1970), 400 U.S. 25, to three charges of sexual battery. Appellee, the state of Ohio, agreed to dismiss the rape charges. At appellant's change of plea hearing, the following relevant facts were disclosed.
 {¶ 6} Appellant was the stepfather of a girl who was born on November 11, 1991, and acted as this child's parent from the time that she was an infant. He and the victim's mother were still married during the time period between March 2002 and March 2003, when appellant approached the victim, had her perform oral sex, and had vaginal intercourse with her. In June 2004, appellant and the victim's mother were divorced, and he was living with his own mother. The victim and her half-brothers (appellant's sons) were staying with appellant. At some point between June 18, 2004 and June 20, 2004, appellant had vaginal intercourse with the child and had her perform oral sex on him. On June 26, 2004, appellant, once again, engaged in this sexual conduct with his stepdaughter. On the last occasion, he also had her view a pornographic video in order learn some things that she could do for him. The girl then reported these incidents to her mother, they were investigated, and appellant was indicted.
 {¶ 7} At his change of plea hearing, appellant was informed of the basic prison terms for violations of R.C. 2907.03(A)(5), the maximum number of years (15), that he could be imprisoned, and the maximum fine ($15,000). The judge then advised appellant that, due to the fact that the offenses to which he was entering an Alford plea were third degree felonies, appellant could be sentenced to community control rather than any term of imprisonment. Moreover, the court expressly asked appellant: "* * * And apart from this plea bargain, has anybody made any threats or promises to get you to plead guilty to these charges this morning." Appellant replied: "No, sir." The trial judge then queried: "Nobody's made any promises to you with regard to [your] sentence?" Appellant again answered: "No, sir."
 {¶ 8} The court also advised appellant that if his sentence included a prison term, he would be subject to a mandatory five years of post-release community control and discussed the consequences for a violation of any of the terms of that community control. The court further explained the potential sexual offender classifications that appellant faced. In addition, pursuant to Crim.R. 11(C), the court below determined whether appellant's Alford plea was voluntary, knowing, and intelligent. Appellant and his attorney were provided with an opportunity to review the written plea form, and appellant subsequently signed that form.
 {¶ 9} Prior to sentencing, appellant was referred to the Court Diagnostic Treatment Center for a psychological evaluation. The trial court considered the psychologist's report, which was admitted into evidence, in classifying appellant as a "habitual child victim offender." The court therefore found that appellant was required to comply with the sex offender registration requirements for 20 years. After delineating the registration requirements for appellant's sex offender classification, the court considered the presentence investigation report, all of the requisite statutory factors, and made all of the necessary findings and reasons for those findings, and sentenced appellant to four years in prison for each sexual battery conviction, with each sentence to be served consecutively to each other. Thus, in toto, the trial court imposed a 12 year prison sentence on appellant. The judge's entry on sentencing was journalized on November 18, 2004. This appeal followed.
 {¶ 10} In his first assignment of error, appellant contends that clear and convincing evidence does not support a finding that he is a "Habitual Child-Victim Offender" because he was never, as found by the trial court, convicted of or pled guilty to a prior sexually oriented offense in which the victim was under the age of 13.
 {¶ 11} The trial court made its classification pursuant to R.C. 2950.01(B)(1) and (2)(a), which require a sentencing court to classify a defendant as a habitual sex offender when: (1) the offender has been found guilty of or pled guilty to a sexually oriented crime; and (2) has previously been convicted of or pled guilty to one or more sexually oriented offenses or child-victim oriented offenses. State v. Williams (2000),88 Ohio St.3d 513, 518; State v. Gideons, 8th Dist. No. 83342,2005-Ohio-5149, at ¶ 26, citing State v. Othberg, 8th Dist. No. 83342, 2004-Ohio-6103, State v. Gopp, 154 Ohio App.3d 385,2003-Ohio-4908, at ¶ 11; and State v. Rhodes, 7th Dist. No. 99 BA 62, 2002-Ohio-1572.
 {¶ 12} In the present case, appellant's presentence investigation report lists his prior criminal charges and convictions and includes a conviction on one count of gross sexual imposition, a felony of the fourth degree. Gross sexual imposition is a "sexually oriented offense." R.C.2950.01(D)(1)(a). Nevertheless, as revealed in the psychologist's report, this conviction resulted from sexually oriented activity with an adult female, appellant's stepbrother's wife. Therefore, the trial court's judgment on sentencing is incorrect to the extent that it states that appellant has a prior conviction for sexually oriented offense involving a child under 13. However, this error is harmless error because clear and convincing evidence supports a finding that appellant is a habitual sex offender and, consequently, will still be required, pursuant to R.C. 2950.07(B)(2), to comply with the habitual sex offender registration requirement of 20 years. Accordingly, while appellant's first assignment of error is found not well-taken, we shall remand this case to the common pleas court for the sole purpose of correcting the terminology referring to appellant's sex offender classification and the statutory reason supporting this classification.
 {¶ 13} In his second assignment of error, appellant first argues that the imposition of nonminimum, consecutive sentences "violated his constitutional rights to have a finder of fact make this determination beyond a reasonable doubt." Appellant relies on Apprendi v. New Jersey (2000), 530 U.S. 466 and Blakely v.Washington (2004), 542 U.S. 296, 124 S. Ct. 2531 to support this proposition. This court, however, has held that the Blakely
protections of a defendant's right to trial by jury are not implicated under Ohio's sentencing scheme and that Blakely
applies only when the maximum sentence in the available range for an offense has been exceeded which, under Ohio law, simply does not occur. State v. Curlis, 6th Dist. No. WD-04-032,2005-Ohio-1217, at ¶ 18. Thus, despite the fact that appellant makes unsupported claims that the fact pattern in this cause is unique, we conclude that based upon our holding in Curlis,
appellant did not have a constitutional right to have the facts supporting a finding essential to his nonminimum, consecutive sentences determined by a jury. See State v. Johnson, 6th Dist. Nos. L-041-258 and L-04-1239, 2005-Ohio-5459.
 {¶ 14} In the alternative, appellant maintains that the trial court's imposition of nonminimum, consecutive sentences is not supported by clear and convincing evidence.
 {¶ 15} On review, an appellate court cannot reverse a felony sentence unless it finds, by clear and convincing evidence, that the record does not support the sentencing court's findings or that the sentence is otherwise contrary to law. R.C.2953.08(G)(2)(a) and (b).
 {¶ 16} As stated previously, the offense of sexual battery is a felony of the third degree. R.C. 2907.03(B). Absent specific exceptions that do not apply to this cause, R.C. 2929.14(A)(3) authorizes a definite term of imprisonment of one, two, three, four, or five years for each count of a third-degree felony. Unless the Ohio Revise Code provides otherwise, a court imposing a sentence upon a felony offender is required to impose the shortest prison term authorized for the offense. R.C. 2929.14(B). This general rule applies unless: (1) the offender was in prison at the time of the offense or the offender previously served a prison term, R.C. 2929.14(B)(1); or (2) the trial court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others, R.C. 2929.14(B)(2).
 {¶ 17} Here, the trial court imposed the nonminimum sentence, four years, on each of the three counts of sexual battery. Because appellant has never served a prior prison term, the court was required to make the findings set forth in R.C. 2929.14(B)(2) on the record at the sentencing hearing. State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, paragraph two of the syllabus. Our review of the transcript of the sentencing hearing reveals that the court did, in fact, make the requisite findings to support its imposition of nonminimum sentences on each count. At that hearing, the court stated: "Specifically, I find that the shortest prison term would demean the seriousness of the offender's conduct and would not adequately protect the public and therefore find it's necessary to impose a greater term." Because the record clearly establishes that the trial court made the necessary finding in imposing nonminimum sentences, appellant's first argument lacks merit.
 {¶ 18} As to the trial court's imposition of consecutive sentences, the Ohio Supreme Court held in Comer, at paragraph one of the syllabus:
 {¶ 19} "Pursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing."
 {¶ 20} Under R.C. 2929.14(E) the trial court must find: (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) consecutive terms are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) at least one of the following factors is present: (a) the offender committed one or more of the offenses while awaiting trial or sentencing, or while under sanction or post-release control; (b) the resultant harm was so great or unusual that no single prison term adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct establishes that consecutive sentences are necessary to protect the public from future crime by the offender. Id. at ¶ 13. R.C.2929.19 B) (2) (c) provides that the court must give its reasons for these findings.
 {¶ 21} At the sentencing hearing in the case under consideration, the trial court found that consecutive sentences were necessary to fulfill the purposes of R.C. 2929.11 (which are to protect the public from future crime by the offender and to punish the offender). The court also stated that the sentences were "not disproportionate to the seriousness of the offender's conduct or the danger the offender poses." The judge further found that the harm caused by appellant was so great or unusual and that appellant's criminal history requires consecutive sentences.
 {¶ 22} The trial court also specifically provided its reasons for its findings on the record at the sentencing hearing. These included: (1) the significant impact on the child victim in this case, who "still has strong feelings for" appellant; (2) the fact that appellant was the only father that the victim has ever known; (3) the fact that appellant abused the father-child relationship "with his reprehensible conduct towards" the victim; and (4) the fact that given appellant's history it would be more likely that he would not only have continued to abuse this victim, but would also abuse any "future victims."
 {¶ 23} Based upon the foregoing we find that the trial court complied with the requisites necessary to impose consecutive sentences; therefore, appellant's second assertion is without merit, and his second assignment of error is found not well-taken.
 {¶ 24} In his third and final assignment of error, appellant maintains that his appointed trial counsel was ineffective in violation of the Sixth Amendment to the United States Constitution and Article 10 of the Ohio Constitution.
 {¶ 25} The United States Supreme Court devised a two prong test to determine ineffective assistance of counsel. Stricklandv. Washington (1984), 466 U.S. 668, 687. In order to demonstrate ineffective assistance of counsel, an accused must satisfy both prongs. Id. First, the defendant must show that his trial counsel's performance was so deficient that the attorney was not functioning as the counsel guaranteed by the Sixth Amendment of the United States Constitution. Id. Second, he must establish that counsel's "deficient performance prejudiced the defense." Id. The failure to prove one prong of the Strickland two-part test makes it unnecessary for a court to consider the other prong. State v. Madrigal, 87 Ohio St.3d 378, 2000-Ohio-448. at ¶ 15 and ¶ 16, citing Strickland at 697. In Ohio, a properly licensed attorney is presumed competent. State v. Hamblin(1988), 37 Ohio St.3d 153, 155-56.
 {¶ 26} First, appellant contends that trial counsel was ineffective because he failed to object to the Court Diagnostic 
Treatment Center report and did not seek an independent psychological report. Appellant claims the court diagnostic report "was less than complete regarding facts and conclusions particularly given the diverse and unrelated nature of the two sex-related convictions." We disagree.
 {¶ 27} Appellant was evaluated by a forensic clinical psychologist. The psychologist not only interviewed appellant, she considered a number of relevant documents, including his criminal record, and administered psychological tests. Her report encompasses appellant's social history, educational history, military history, employment history, relationship history, substance abuse history (none), criminal history, and the psychological testing results. In sum, the report is comprehensive and clearly sets forth the differences between appellant's prior conviction for gross sexual imposition and his current convictions on three counts of sexual battery. Thus, trial counsel did not fail in any duty to his client by declining to demand an independent psychological examination.
 {¶ 28} Second, appellant asserts that his trial attorney was ineffective because he failed to have the terms of appellant's plea "clearly articulated on the record" at the change of plea hearing in order to address "the sentencing issue in a meaningful context." Appellant claims that the failure to do so deprived him of a "meaningful and competent decision" because, at the time of the change of plea hearing, appellant believed that the trial court would impose concurrent sentences for the three charges of sexual battery.
 {¶ 29} There is no evidence in the record of this cause to establish that the prosecution and appellant entered into a plea agreement which included concurrent sentences. Instead, the only agreement was the nolling of the three counts of rape of a minor under the age of 13. Further, as stated infra, the trial court satisfied all of the statutory and constitutional requirements at appellant's change of plea hearing. Appellant was provided with all the information necessary and was asked whether anyone had made any promises concerning his sentence. Appellant answered in the negative. Moreover, appellant and his attorney reviewed the change of plea form and signed that form. Therefore, we conclude that counsel did not breach any duty to his client with respect to appellant's change of plea. Accordingly, appellant's third assignment of error is found not well-taken.
 {¶ 30} The judgment and sentence of the Lucas County Court of Common Pleas is affirmed in all material respects. However, this cause is remanded to that court solely for the purpose of correcting its sentencing entry with regard to appellant's sex offender classification and the fact supporting that classification. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Singer, P.J. Parish, J, concur.