DECISION AND JUDGMENT ENTRY
{¶ 1} Pursuant to 6th Dist.Loc.App.R. 12(C), this appeal is hereby assigned to the court's accelerated docket.
 {¶ 2} Appellant, Christina Yvette Robinson, appeals from her conviction and sentence on one count of murder, a violation of R.C. 2903.02(A), an unclassified felony, and one count of aggravated robbery, a violation of R.C. 2911.01(A)(1), a felony of the third degree. On April 14, 2005, the Lucas County Court of Common Pleas sentenced appellant to a term of 15 years to life for the conviction on the count of murder and to a term of eight years in prison on the count of aggravated robbery. After making the findings, and reasons for those findings, required by R.C.2929.14(E)(4) on the record at appellant's sentencing hearing, the court ordered these sentences to be served consecutively.
 {¶ 3} Appellant timely appeals, and offers the following assignments of error:
 {¶ 4} "Ms. Robinson's sentence is unconstitutional because it violates her rights under the Sixth and Fourteenth Amendments [to the United States Constitution]."
 {¶ 5} "Ms. Robinson received ineffective assistance of counsel at her sentencing when trial counsel did not offer any substantive reason why she should receive concurrent sentences or a shorter consecutive sentence and did not object to the trial court's imposing a sentence in violation of her rights under theSixth and Fourteenth Amendments to the United States Constitution."
 {¶ 6} The disposition of appellant's first assignment of error is controlled by the Supreme Court of Ohio's decision inState v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, at paragraph three of the syllabus, wherein the court held that R.C.2929.14(E)(4) and 2929.41(A) violate the Sixth Amendment to the United States Constitution, pursuant to Blakely v. Washington
(2004), 542 U.S. 296, and Apprendi v. New Jersey (2000),530 U.S. 466. Having relied on an unconstitutional statute when sentencing appellant, we find that the trial court's sentence is void and must be vacated. Foster at ¶ 103 and ¶ 104. Appellant's first assignment of error is therefore found well-taken.
 {¶ 7} Our disposition of appellant's first assignment of error renders her second assignment of error moot.
 {¶ 8} The judgment of the Lucas County Court of Common Pleas is reversed. This matter is remanded to the trial court for a new sentencing hearing in accordance with Foster, supra. The state is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment Reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer, P.J. concur.