DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Lamond Johnson, appeals from a judgment of the Lucas County Court of Common Pleas. For the following reasons, we affirm the trial court's judgment of conviction. *Page 2 
 {¶ 2} This is appellant's second appeal of his sentence of August 10, 2004. The facts from the first appeal are as follows:
 {¶ 3} "On May 7, 2004, appellant entered a plea of no contest to one count each of aggravated robbery, kidnapping and rape. The trial court accepted appellant's plea and found him guilty. Each offense for which appellant was convicted is a first-degree felony subject to a prison sentence of three to ten years. On August 10, 2004, appellant was sentenced to three years on the aggravated robbery count, three years on the kidnapping count and eight years on the rape count. The trial court ordered appellant's sentences to be served consecutively." State v.Johnson, 6th Dist. Nos. L-04-1258 and L-04-1239, 2005-Ohio-5459, ¶ 4.
 {¶ 4} The appellant asserted during his first appeal that, "the trial court erred because it based his sentence upon findings not charged in an indictment, submitted to a jury or admitted by appellant." Id. On October 14, 2005, this court affirmed the judgment of the trial court pursuant to the current law in Ohio, which, at that time, required certain judicial findings of fact in order for a court to sentence a defendant to greater than minimum sentences and consecutive terms.
 {¶ 5} On February 27, 2006, the Ohio Supreme Court found R.C.2929.14(B) unconstitutional and severed that portion of the statute from Ohio's Criminal Sentencing Statute, R.C. Chapter 2929. State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, ¶ 99. The court stated that the severance resulted in "judicial fact-finding not being required before a prison term may be imposed within the basic ranges of R.C. 2929.14(A)" Id. The Ohio Supreme Court also held that R.C. 2929.14(E)(4) and2929.41(A) are unconstitutional *Page 3 
and severed those parts of the sentencing statute, stating that "judicial fact-finding is not required before imposition of consecutive prison terms." Id.
 {¶ 6} Appellant appealed to the Ohio Supreme Court based on theFoster decision, and on May 3, 2006, the Supreme Court reversed the judgment of this court and remanded the case to the trial court for resentencing. In re Ohio Criminal Sentencing Statutes Cases,109 Ohio St.3d 313, 2006-Ohio-2109, ¶ 206, 212. On October 10, 2006, the original trial court resentenced appellant to the same sentence previously imposed on August 10, 2004.
 {¶ 7} Appellant filed a timely appeal based on the resentencing and raises a single assignment of error:
 {¶ 8} "The trial court erred to the prejudice of Mr. Johnson by sentencing him to consecutive, non-minimum sentences in violation of his right to protection from Ex Post Facto sentencing and his right to due process as guaranteed by the Fifth, Sixth, Eighth andFourteenth Amendments to the United States Constitution and the applicable portion of the Ohio Constitution."
 {¶ 9} Appellant does not offer, and this court cannot find, support for the assertion that his rights guaranteed by the Fifth orEighth Amendments were violated. All remaining issues in appellant's sole assignment of error are indistinguishable from the assignments of error taken up by this court in State v. Coleman, 6th Dist. No. S-06-023,2007-Ohio-448, ¶ 8-11. All pertinent facts of this case are also indistinguishable from those in Coleman. Both Coleman and the case before us involve a post-Foster *Page 4 
resentencing wherein the trial court did not make any finding in support of the greater than minimum or consecutive sentences. The trial court did, however, consider the principles and purposes of those parts of the Ohio Criminal Sentencing Statutes that have remained intact afterFoster. Each appellant was also sentenced to serve the same term before and after Foster.
 {¶ 10} Appellant argues that his Sixth and Fourteenth Amendment due process rights were violated by being sentenced to greater than minimum, consecutive terms. We noted in Coleman, that "[e]very Ohio appellate court to confront the issue to date has held that no due process rights are implicated by Foster." Coleman, at ¶ 19 (Citations omitted.). We find that there is no reason to reconsider that holding. See Id. at ¶ 18-21.
 {¶ 11} Appellant further argues that resentencing according toFoster violates the Ex Post Facto Clause of the Federal Constitution. Again, based on our reasoning in Coleman, we find that the Ex Post Facto Clause does not apply to resentencing hearings conducted pursuant toFoster. Coleman, at ¶ 12-17.
 {¶ 12} Finally, appellant argues that Ohio's "rule of lenity," codified as R.C. 2901.04(A), requires the trial court to sentence appellant to minimum concurrent sentences. This issue was also decided in Coleman, in which we held that "[t]he rule of lenity `applies where there is ambiguity in or conflict between the statutes' at issue.State v. Arnold (1991), 61 Ohio St.3d 175, 178. The rule has no application here, since there is no ambiguity or conflict between statutes, and Foster severed the portions of the sentencing statutes which violated the Sixth Amendment." Coleman, at ¶ 23. *Page 5 
 {¶ 13} Accordingly, Ohio's "rule of lenity" has no application in post-Foster resentencing because there is no ambiguity or conflict of law after the constitutionally offending sections are severed.
 {¶ 14} Consequently, this court finds that there were no violations of the appellant's constitutional due process rights, the Ex Post Facto Clause to the United States Constitution, or Ohio's "rule of lenity." Appellant's sole assignment of error not well-taken. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the cost of this appeal pursuant to App.R.24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., Concur. *Page 1