DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Christina Robinson, appeals from a judgment of the Lucas County Court of Common Pleas. For the following reasons, we affirm the trial court's judgment of conviction and sentence.
 {¶ 2} In 2002, appellant was sentenced to an indefinite prison term of 15 years to life for a murder conviction and eight years for an aggravated robbery conviction, to be *Page 2 
served consecutively. This is her third appeal to this court regarding that conviction and sentence. The facts leading to appellant's conviction are laid out in State v. Robinson, 6th Dist. No. L-02-1314,2005-Ohio-324 (Robinson I).
 {¶ 3} In her first appeal, appellant presented four assignments of error. The only one which was found well-taken was:
 {¶ 4} "The consecutive sentence of eight years in prison for the aggravated robbery is contrary to law because the record does not support the findings made by the trial court." Id. at ¶ 39.
 {¶ 5} Ohio law, at that time, required certain judicial findings of fact in order for the court to sentence a felon to a greater than minimum prison term or consecutive sentences. See former R.C.2929.14(B), (C), (E)(4), 2929.19(B)(2), and 2929.41(A). Aggravated robbery is a felony of the first degree, and therefore the court must impose a prison term between three and ten years. R.C. 2911.01(A)(1) and2929.14(A)(1). This court found that the trial court had made the requisite findings with regard to the greater than minimum prison term but not with regard to the consecutive sentences. Therefore, we remanded for the trial court to "consider whether consecutive sentences are appropriate and, if so, to enter the proper findings and reasons on the record." Robinson I at ¶ 84.
 {¶ 6} On April 14, 2005 the common pleas court again sentenced appellant to an indefinite term of 15 years to life for the murder conviction and eight years for the aggravated robbery conviction, to be served consecutively. State v. Robinson, 6th Dist. *Page 3 
No. L-05-1159, 2006-Ohio-1637, ¶ 2 (Robinson II). At the second sentencing the court made the appropriate findings on the record pursuant to R.C. 2929.14(E)(4) and ordered the sentences to be served consecutively. Robinson II at ¶ 2. Appellant brought a second appeal, this time claiming that the sentence violated her rights under the Sixth
and Fourteenth Amendments to the United States Constitution. Id. at ¶ 4. Before this court ruled on the appellant's second appeal, the Ohio Supreme Court found R.C. 2929.14(B), (C), (E)(4), 2929.19(B)(2), and2929.41(A) unconstitutional. State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, at syllabus. In Foster, the Supreme Court severed the offending sections and decided that judicial fact-finding is unconstitutional in order for a court to impose a sentence within the basic ranges of R.C. 2929.14(A), or for a court to impose consecutive sentences. Id. at ¶ 99. Accordingly, "[h]aving relied on an unconstitutional statute when sentencing appellant, [this court found] that the trial court's sentence is void and must be vacated."Robinson II at ¶ 6.
 {¶ 7} On May 31, 2006 the trial court, once again, sentenced appellant to an indefinite term of 15 years to life for the murder conviction and eight years for the aggravated robbery conviction, to be served consecutively. Appellant timely appeals and asserts the following assignments of error:
 {¶ 8} "The trial court erred in sentencing Christina Robinson to a non-minimum, consecutive prison term for aggravated robbery in violation of the United States Constitution and her rights under the Constitution. *Page 4 
 {¶ 9} "The trial court should not have imposed a consecutive sentence of more than minimum time because the record does not support such a sentence."
 {¶ 10} Appellant presents five separate arguments in support of her first assignment of error. These arguments are based on (1) separation of powers, (2) the Equal Protection Clause, (3) trial by jury, (4) Due Process and Ex Post Facto Clauses and, (5) rule of lenity.
 {¶ 11} Appellant's arguments that Foster violated the separation of powers doctrine, as well as her equal protection rights can be considered together. In State v. Geraldo this court established that:
 {¶ 12} "The scope of our review is appropriately circumscribed by the rudimentary appellate doctrine that issues (constitutional or otherwise) which are neither raised in nor reached by the lower court will not be passed upon by this court." State v. Geraldo (1983), 13 Ohio App.3d 27,28.
 {¶ 13} Appellant did not raise either the separation of powers, or equal protection in the trial court below; and, therefore, she forfeited the ability to attack the Ohio Criminal Sentencing Statutes or theFoster decision, based on either of these constitutional arguments.
 {¶ 14} Appellant also maintains that the Ohio Supreme Court's decision in Foster violates her Sixth Amendment right to a trial by jury. "As an intermediate appellate court, we are bound by the Ohio Supreme Court's decision in Foster, and cannot overrule it or declare it unconstitutional." State v. Thrasher, 6th Dist. No. WD-06-047, 2007-Ohio *Page 5 
2838, ¶ 7. The remedy in Foster was specifically designed to comport with the Sixth Amendment principles set out by the United States Supreme Court in Apprendi v. New Jersey (2000), 530 U.S. 466, and Blakely v.Washington (2004), 542 U.S. 296. Foster at ¶ 1. There is no reason for this court to believe that the Ohio Supreme Court did not adequately address all Sixth Amendment concerns in the Foster decision. This court must find that there is no violation of the appellant's Sixth Amendment rights.
 {¶ 15} Appellant also argues, in her first assignment of error, thatFoster violates the Due Process Clause of the Fourteenth Amendment, constitutes ex post facto law, and goes against the rule of lenity. This court considered the due process and ex post facto arguments extensively and rejected them each time. See Thrasher. This court also considered and rejected the "rule of lenity" argument proposed by appellant.State v. Coleman, 6th Dist. No. S-06-023, 2007-Ohio-448, ¶ 23. Appellant provides this court no reason to re-examine those holdings.
 {¶ 16} Because we conclude that all of the arguments raised by the appellant are without merit, her first assignment of error is therefore found not well-taken.
 {¶ 17} In her second assignment of error appellant asks this court to find that the trial court abused its discretion by sentencing her to a greater than minimum, consecutive prison term. Appellant argues that the murder was the basis for a greater than minimum sentence for the aggravated robbery, and thus the court abused its discretion. When reviewing the trial court's sentence of an appellant post-Foster, this court determined: *Page 6 
 {¶ 18} "A trial court's discretion to impose a sentence within the statutory guidelines is very broad and an appellate court cannot hold that a trial court abused its discretion by imposing a severe sentence on a defendant where that sentence is within the limits authorized by the applicable statute." State v. Harmon, 6th Dist. No. L-05-1078,2006-Ohio-4642, ¶ 16.
 {¶ 19} Because the other sentences were vacated, only the sentencing of May 31, 2006, is at issue. Appellant points to no evidence in the record of May 31, 2006, and this court can find none, that the murder was the reason the court imposed a greater than minimum sentence for the aggravated robbery conviction. The court made no findings, but simply imposed a sentence within the limits allowed by law, as required byFoster. Therefore, the court did not abuse its discretion.
 {¶ 20} Also in her second assignment of error appellant argues that the evidence adduced at trial does not support the consecutive, greater than minimum sentence imposed by the trial court. Appellant was indicted on a charge of murder with a gun specification; however, she was not convicted of the gun specification, even though the victim was undoubtedly killed by a gunshot. Appellant, in her first appeal, asked this court to find that the jury verdict was against the manifest weight of the evidence based on this supposed inconsistency. Robinson I
at ¶ 41. This court found that the two conclusions are consistent and, therefore, decided that the jury verdict was not against the manifest weight of the evidence. Id. at ¶ 41 and 44. *Page 7 
 {¶ 21} Appellant now asks this court to use the same facts in order to determine that the lower court abused its discretion by imposing a greater than minimum, consecutive prison term. The abuse of discretion standard set forth above also governs consecutive sentences imposed post-Foster. State v. Friess, 6th Dist. No. L-05-1307, 2007-Ohio-2030, ¶ 10. Appellant's guilt with regard to the murder charge and aggravated robbery charge were properly found by a jury at the trial court level. The sentence imposed for each offense is within statutory limits. See R.C. 2929.02(B) and 2929.14(A)(1). It is also within the statutory limits that the sentences are to run consecutively. Foster at ¶ 99. Consequently, finding that appellant was sentenced within the statutory limits allowed by law, the trial court did not abuse its discretion by sentencing appellant to an indefinite term of 15 years to life for the murder conviction and eight years for the aggravated robbery conviction, to be served consecutively. Appellant's second assignment of error is found not well-taken.
 {¶ 22} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the cost of this appeal pursuant to App.R.24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 1