DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Ray A. Brown, appeals the January 5, 2007 judgment of the Lucas County Court of Common Pleas which, following a guilty plea, sentenced appellant to two years of imprisonment for attempted burglary, and 917 days of imprisonment for violating post-release control. The sentences were ordered to be served consecutively. For the reasons that follow, we affirm the trial court's judgment. *Page 2 
 {¶ 2} On October 25, 2006, appellant was indicted on one count of receiving stolen property, R.C. 2913.51, and one count of burglary, R.C.2911.12(A)(2) and (C). On December 13, 2006, appellant entered a guilty plea to the charges set forth above; appellant was sentenced on January 5, 2007. This appeal followed.
 {¶ 3} Appellant raises the following two assignments of error:
 {¶ 4} "Assignment of Error I: Brown's plea was not entered into knowingly, competently and intelligently.
 {¶ 5} "Assignment of Error II: Brown's sentence was not constitutional because his sentence was not the shortest available and the trial court improperly made findings of fact."
 {¶ 6} In appellant's first assignment of error, he argues that his guilty plea was not knowing, intelligent, and competent because he appeared confused during the plea hearing and because he had a long history of drug abuse and possessed only a tenth-grade education. Crim.R. 11(C)(2) provides, in relevant part:
 {¶ 7} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 8} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing. *Page 3 
 {¶ 9} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 10} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 11} The purpose of Crim.R. 11(C) is to aid in the determination of the voluntariness of a defendant's plea. State v. Nero (1990),56 Ohio St.3d 106, 107. Literal compliance with the rule is preferred; however, vacation of a plea is not required where the reviewing court determines that there has been substantial compliance. Id. at 108, citing State v.Stewart (1977), 51 Ohio St.2d 86, 92-93. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id.
 {¶ 12} Keeping this standard in mind, we reviewed the transcript of the plea hearing. At the hearing, appellant was first asked whether he was on any medication or had taken any illicit drugs or alcohol; appellant indicated no and agreed that he was clearheaded. The trial court thoroughly explained the maximum penalties appellant faced, *Page 4 
including the ramifications of committing the offense while on post-release control. Appellant indicated that he understood.
 {¶ 13} The trial court then explained the constitutional rights that appellant was waving by entering a guilty plea; such rights included the right to a jury trial, the right to compulsory process of witnesses and the right to confront and cross-examine witnesses, the right to have the state prove its case beyond a reasonable doubt, the right to remain silent, and the right to appeal (beyond the plea and sentencing proceedings.) Appellant indicated that he understood.
 {¶ 14} Appellant then indicated that no threats or promises had been made in exchange for his plea; he had sufficient time to talk to his lawyer regarding his case and was satisfied with his lawyer's representation. Appellant also stated that he believed that entering the plea was in his best interest.
 {¶ 15} Upon review of the plea hearing, we cannot say that appellant was confused or even that he appeared confused. It is clear from the transcript that appellant was fully aware of the nature of the charges and the maximum penalties; appellant was also fully aware of the rights he was waiving. Appellant's first assignment of error is not well-taken.
 {¶ 16} In appellant's second assignment of error, he contends that the trial court, in violation of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, improperly made findings of fact when it imposed a nonminimum sentence. Appellant further contends that *Page 5 
because the shortest prison term was not imposed, the trial court violated the Ex Post Facto Clause of the United States Constitution.
 {¶ 17} In Foster, the Supreme Court of Ohio stated that:
 {¶ 18} "Accordingly, we have concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences. By vesting sentencing judges with full discretion, it may be argued, this remedy vitiates S.B. 2's goals, particularly with respect to reducing sentencing disparities and promoting uniformity." Id., ¶ 100.
 {¶ 19} At the January 4, 2007 sentencing hearing, the trial court specifically stated the hearing was being conducted in compliance with the "constitutional statutes and rules." The court noted appellant's prior criminal history as well as the facts surrounding the present case. Upon review, we can find no evidence that the trial court improperly relied on the statutory provisions found unconstitutional inFoster. Foster does not act to prohibit courts from giving reasons for imposing a particular sentence; it no longer requires statutory findings or reasons.[1]
 {¶ 20} The second component of appellant's argument is that the trial court, by failing to impose the minimum prison sentence, violated the Ex Post Facto Clause of the *Page 6 
United States Constitution. Although appellant concedes that this court has joined many other districts in rejecting this challenge toFoster, appellant still urges us to revisit the issue.
 {¶ 21} Upon review, we do not find this argument persuasive enough to change course when we have repeatedly held that the Foster remedy does not violate the Due Process Clause, the Ex Post Facto Clause, or the rule of lenity. See State v. Coleman, 6th Dist. No. S-06-023,2007-Ohio-448; State v. Barber, WD-06-036, 2007-Ohio-2821; State v.Johnson, L-06-1364, 2007-Ohio-3470; State v. Robinson, L-06-1205,2007-Ohio-3577. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 22} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 7 
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., CONCUR.
[1] We further note that because appellant was sentenced after the United States Supreme Court's decision in Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, and he failed to object to his sentence, he "forfeits" the issue on appeal. See State v.Payne, 114 Ohio St.3d 502, 2007-Ohio-4642. *Page 1