DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Michael Cortez, appeals the January 31, 2007 judgment of the Lucas County Court of Common Pleas which sentenced appellant to three years of imprisonment for possession of heroin, in violation of R.C. 2925.11(A),(C)(6)(d). For the reasons that follow, we affirm the trial court's decision. *Page 2 
 {¶ 2} A brief history of this case is as follows. On March 9, 2005, following a jury trial convicting appellant of heroin possession, appellant was sentenced to three years of imprisonment. On direct appeal, this court affirmed appellant's conviction but reversed his sentence based on the Supreme Court of Ohio's decision in State v.Foster, 209 Ohio St.3d 1, 2006-Ohio-856. See State v. Cortez, 6th Dist. No. L-05-1112, 2007-Ohio-96. On remand, appellant was again sentenced to three years of imprisonment. This appeal followed.
 {¶ 3} Appellant raises the following assignment of error:
 {¶ 4} "The trial court violated Cortez' constitutional rights by imposing a sentence pursuant to R.C. 2929.14 that was not the shortest authorized."
 {¶ 5} In appellant's sole assignment of error, he contends that the trial court, in violation of Foster, supra, improperly imposed a nonminimum sentence without articulating a statutory basis. Appellant further contends that because the shortest prison term was not imposed, the trial court violated the Ex Post Facto Clause of the United States Constitution.
 {¶ 6} In Foster, the Supreme Court of Ohio stated that:
 {¶ 7} "Accordingly, we have concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences. By vesting sentencing judges with full discretion, it may be argued, *Page 3 
this remedy vitiates S.B. 2's goals, particularly with respect to reducing sentencing disparities and promoting uniformity." Id., ¶ 100.
 {¶ 8} At the January 30, 2007 sentencing hearing, the trial court specifically stated that the court "weigh[ed] all of the statutory factors" and did not give any weight to "the mandatory requirements that ha[d] been held unconstitutional." The court recounted some of the evidence adduced at trial and noted appellant's prior criminal history. Upon review, we can find no evidence that the trial court improperly relied on the statutory provisions found unconstitutional inFoster; we conclude that that trial court properly acted within its discretion by imposing a three-year term of imprisonment rather than the two-year statutory minimum.
 {¶ 9} The second component of appellant's argument is that the trial court, by failing to impose the minimum prison sentence, violated the Ex Post Facto Clause of the United States Constitution. Upon review, we do not find this argument persuasive enough to change course when we have repeatedly held that the Foster remedy does not violate the Due Process Clause, the Ex Post Facto Clause, or the rule of lenity. See State v.Coleman, 6th Dist. No. S-06-023, 2007-Ohio-448; State v. Barber, WD-06-036, 2007-Ohio-2821; State v. Johnson, L-06-1364, 2007-Ohio-3470;State v. Robinson, L-06-1205, 2007-Ohio-3577. Accordingly, appellant's assignment of error is not well-taken.
 {¶ 10} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant *Page 4 
to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J., Concur. *Page 1