DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Charles F. Miller, II, appeals the January 22, 2007 judgment of the Wood County Court of Common Pleas which, upon remand from this court, sentenced appellant to ten years of imprisonment on two counts of attempted murder, in violation of R.C. 2903.02(A) and2923.02. For the reasons that follow we affirm the trial court's judgment. *Page 2 
 {¶ 2} The facts of this case are fully set forth in State v.Miller, 6th Dist. No. WD-05-083, 2006-Ohio-6056. A brief recitation of the necessary facts is as follows. On January 6, 2005, appellant was indicated on two counts of attempted murder. The charges stemmed from an incident on November 29, 2004, where appellant allegedly vented the exhaust pipe from his van into his mobile home in an attempt to kill himself, his wife, and his five-year-old son while they slept. Appellant entered a not guilty plea.
 {¶ 3} On September 13, 2005, the case proceeded to trial and appellant was convicted of both charges. On September 21, 2005, appellant was sentenced to five years of imprisonment on both counts, to be served consecutively. On appeal, this court affirmed appellant's convictions but remanded the matter for resentencing pursuant to State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 4} Following appellant's January 9, 2007 resentencing hearing, appellant was again sentenced to five years of imprisonment on each count, to be served consecutively. This appeal followed.
 {¶ 5} Appellant now raises the following three assignments of error for our review:
 {¶ 6} "I. The record does not support imposition of consecutive sentences.
 {¶ 7} "II. The imposition of consecutive sentences is contrary to law.
 {¶ 8} "III. It constituted error not to impose the minimum sentence of imprisonment provided by law." *Page 3 
 {¶ 9} Appellant's first and second assignments of error are related and will be jointly addressed. Appellant essentially argues that the trial court abused its discretion when it ordered appellant's prison sentences to be served consecutively.
 {¶ 10} In Foster, supra, the Supreme Court of Ohio stated that:
 {¶ 11} "Accordingly, we have concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences. By vesting sentencing judges with full discretion, it may be argued, this remedy vitiates S.B. 2's goals, particularly with respect to reducing sentencing disparities and promoting uniformity." Id., ¶ 100.
 {¶ 12} At the January 9, 2007 sentencing hearing, the trial court stated that it had reviewed the file and the case law. The court then determined that its prior sentence was appropriate and imposed the same sentence. Upon review of the trial transcript and the entire record, we conclude that appellant's sentence was supported by the record and that the trial court properly acted within its discretion by imposing consecutive five-year terms of imprisonment. Appellant's first and second assignments of error are not well-taken.
 {¶ 13} In appellant's third assignment of error he argues that by failing to impose the minimum prison sentence, the trial court violated the Ex Post Facto Clause of the United States Constitution. Upon review, we do not find this argument persuasive enough to change course when we have repeatedly held that the Foster remedy does not violate the Due Process Clause, the Ex Post Facto Clause, or the rule of lenity. SeeState *Page 4 v. Coleman, 6th Dist. No. S-06-023, 2007-Ohio-448; State v. Barber, WD-06-036, 2007-Ohio-2821; State v. Johnson, L-06-1364, 2007-Ohio-3470;State v. Robinson, L-06-1205, 2007-Ohio-3577. Accordingly, appellant's third assignment of error is not well-taken. {¶ 14} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1